T.C. Memo. 1995-451

UNITED STATES TAX COURT

ROLF KIRSCH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13887-93.          Filed September 25, 1995.

Rolf Kirsch, pro se.

Daniel J. Parent, for respondent.

MEMORANDUM OPINION

POWELL, Special Trial Judge:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1989 in the amount of $7,466 and

_____

[1]    All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

an addition to tax under section 6651 in the amount of $1,866. Petitioner resided in Auburn, California, when he timely filed his petition.

Following a concession,[2] the issues are whether petitioner (1) may deduct certain "away from home" and car and truck expenses as trade or business expenses, (2) may deduct on Schedule C certain "draws" paid to him by his business, (3) may deduct health insurance premiums on Schedule C, and (4) is liable for an addition to tax under section 6651 for filing his return late.

The facts may be summarized as follows. Petitioner operated a machine shop, Kirsch Machine Shop, as a sole proprietorship in Santa Clara, California, from 1968 until 1990. In 1988 petitioner sold his home in the Santa Clara area and moved his family to Auburn, California--approximately 140 miles away from the machine shop. The reason for the move was that the quality of life was thought to be better in Auburn.

During 1989, petitioner spent weeknights in motels in Santa Clara and drove back to Auburn on weekends. Petitioner also performed an unspecified amount of driving for his business during the week. Petitioner withdrew $28,175 from his machine shop business during 1989 to provide himself a salary (draw), and paid $3,937 for health insurance in that year.

---

[2]    Respondent concedes that petitioner is entitled to use the filing status of married filing separately.

On Schedule C of petitioner's 1989 Federal income tax return, petitioner deducted $11,000 as "away from home" expenses, $1,781 in car and truck expenses, and draw expenses of $28,175. He also claimed a deduction for health insurance premiums in the amount of $3,937. Respondent received petitioner's return on January 6, 1992.

Upon examination, respondent disallowed the deductions related to away from home, car and truck, and draw expenses. Respondent also determined that the deduction for petitioner's health insurance premiums was treated incorrectly, and allowed him a deduction from gross income of 25 percent of the amount paid. As a result of the Schedule C adjustments, which turned the reported business loss into a business profit, respondent determined that petitioner was liable for self-employment income tax.

As a general rule, deductions for personal living expenses are disallowed under section 262. Commissioner v. Flowers, 326 U.S. 465, 470 (1946). Section 162(a), however, allows taxpayers to deduct "the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * * traveling expenses (including amounts expended for meals and lodging * * *) while away from home in the pursuit of a trade or business". With regard to deductions claimed under section 162(a)(2), the expense must be (1) reasonable and

necessary, (2) incurred while away from home, and (3) incurred in pursuit of a trade or business.  Commissioner v. Flowers, supra.

This Court has consistently held that a taxpayer's "home," for purposes of the second prong of the Flowers test, is the vicinity of the taxpayer's principal place of business or employment, not the taxpayer's personal residence or place of abode, if such residence or place of abode is at a place different from the location of the place of employment.  Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968); Garlock v. Commissioner, 34 T.C. 611, 614 (1960).

Furthermore, "The exigencies of business rather than the personal conveniences and necessities of the traveler must be the motivating factors." Commissioner v. Flowers, supra at 474.  In Flowers, the taxpayer resided in Jackson, Mississippi, but worked about 200 miles away in Mobile, Alabama.  The Court denied his claimed travel expenses, stating that the expenses were not incurred in pursuit of the business of his employer.

> Had his post of duty been in * * * [Jackson] the cost of maintaining his home there and of commuting or driving to work concededly would be non-deductible living and personal expenses lacking the necessary direct relation to the prosecution of the business. * * * Whether he maintained one abode or two, whether he traveled three blocks or three hundred miles to work, the nature of these expenditures remained the same.  [Id. at 473.]

The Court further noted that deductions would be allowed only if the employer forced the taxpayer to live somewhere other than the vicinity of the business.  Id. at 474.

In this case, petitioner's tax home was Santa Clara, and he lived in Auburn for personal reasons.  Petitioner, therefore, is not entitled to deductions for his travel between Santa Clara and Auburn and for expenses incurred in Santa Clara.

Regarding the travel that petitioner performed on the job, petitioner has the burden of proving, through records or some type of documentary evidence, that he is entitled to the deduction.  Sec. 274(d).  Petitioner offered no such evidence. Further, the $28,175 he deducted as a draw was used for personal living expenses.  As such it is part of the business profit of the sole proprietorship reported on Schedule C, and not deductible.  Respondent's determinations are sustained.

Turning to the health insurance issue, we note that the deductibility of expenses is a matter of legislative grace.  New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Generally health insurance premiums are a medical expense deductible as an itemized deduction to the extent they exceed 7.5 percent of adjusted gross income.  Sec. 213(a), (d)(1)(C).  Self-employed individuals, however, generally may deduct 25 percent of the amount paid for health insurance from gross income, without the restrictions imposed on other medical expense deductions. Sec. 162(l).  We, therefore, sustain respondent's disallowance of

the Schedule C deduction for health insurance premiums and uphold the allowance of an adjustment to income for self-employed health insurance pursuant to section 162(l).

With regard to the addition to tax for failure to file a timely return pursuant to section 6651, the addition to tax will apply unless the taxpayer can show that the failure to file a timely return was due to reasonable cause and not to willful neglect. Sec. 6651(a)(1); Rule 142(a). Petitioner indicated that he filed his return late because he did not think he owed any tax. A taxpayer's belief that a return is not required to be filed may constitute reasonable cause under section 6651(a)(1), if supported by advice from a competent adviser who has been informed of the relevant facts. Beales v. Commissioner, T.C. Memo. 1992-608. Although petitioner had his return prepared by a professional tax service, there is no indication that the preparer was informed of the relevant facts and that petitioner's failure to timely file was based on competent advice. Respondent's determination is sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.